UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA L. S., an Individual,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>    Defendant. | Case No.: 5:19-01255 ADS<br><br>MEMORANDUM OPINION AND ORDER |

## I. **INTRODUCTION**

Plaintiff Diana L. S.[1] ("Plaintiff") challenges Defendant Andrew M. Saul, Commissioner of Social Security's (hereinafter "Commissioner" or "Defendant") denial of her application for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff contends that the Administrative Law

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

Judge ("ALJ") improperly rejected her testimony. For the reasons stated below, the decision of the Commissioner is affirmed, and this matter is dismissed with prejudice.

## II. FACTS RELEVANT TO THE APPEAL

Plaintiff protectively filed applications for DIB and SSI on April 3, 2015, alleging a disability onset date of July 17, 2013. (Administrative Record "AR" 197-207, 210-211). Plaintiff stated on her application that she filed for disability due to "chronic pain (arms, back, hands), carpal tunnel, bipolar, depression." (AR 206). When asked at the Administrative Hearing what prevents her from working, Plaintiff testified of the following conditions: problems with her back, neck, hands and right leg (describing the pain as originating in her spine) (AR 39-41), as well as depression and anxiety (AR 45-46).

Plaintiff testified that with regard to her physical ailments, she has had carpal tunnel surgery, an epidural injection, branch blocks and physical therapy. (AR 40-41). With regard to her psychological ailments, Plaintiff testified that she takes medication. (AR 46). Plaintiff stated that she could walk a little over a block, avoids stairs and can only climb with stopping, can sit for no more than thirty minutes, and stand for thirty to forty-five minutes if she can shift back and forth. (AR 41-42). Plaintiff testified that she does not write, type, or lift more than ten pounds, that in an eight-hour period she would lie down for six hours, and that her husband or daughter take care of the meals and housecleaning. (AR 43-45, 49). Plaintiff further stated that does not do well with other people or socialize, and has difficulty sleeping due to her physical and mental issues. (AR 45-46). As for recent past employment, Plaintiff last worked as a karate instructor for young champions from approximately 2005 thru 2014 and has no subsequent recorded employment. (AR 49, 212-215).

III. **PROCEEDINGS BELOW**

A. **Procedural History**

Plaintiff's claims were denied initially on August 31, 2015 (AR 116-19), and upon reconsideration on February 2, 2016 (AR 121-26). A hearing was held before ALJ Troy Silva on April 26, 2018. (AR 32-56). Plaintiff, represented by counsel, appeared and testified at the hearing. Also appearing and testifying at the hearing was vocational expert Alan E. Cummings. (Id.)

On May 24, 2018, the ALJ found that Plaintiff was "not disabled" within the meaning of the Social Security Act.[2] (AR 15-26). The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review on May 9, 2019. (AR 1-5). Plaintiff then filed this action in District Court on July 8, 2019, challenging the ALJ's decision. [Docket "Dkt." No. 1].

On March 31, 2020, Defendant filed an Answer, as well as a copy of the Certified Administrative Record. [Dkt. Nos. 16, 17]. The parties filed a Joint Stipulation on August 10, 2020. [Dkt. No. 21]. The case is ready for decision.[3]

B. **Summary of ALJ Decision After Hearing**

In the decision (AR 15-26), the ALJ followed the required five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security

---

[2] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A).

[3] The parties filed consents to proceed before the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c), including for entry of final Judgment. [Dkt. Nos. 11, 13].

Act.[4] 20 C.F.R. § 416.920(a). At **step one**, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since July 17, 2013, the alleged onset date. (AR 17). At **step two**, the ALJ found that Plaintiff had the following severe impairments: (a) degenerative disc disease of the cervical and lumbar spine; (b) bilateral carpal tunnel syndrome; (c) major depressive disorder; and (d) anxiety. (AR 17). At **step three**, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 416.920(d), 416.925 and 416.926)." (AR 18).

The ALJ then found that Plaintiff had the Residual Functional Capacity ("RFC")[5] to perform no greater than light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b)[6,] restricted by the following limitations:

---

[4] The ALJ follows a five-step sequential evaluation process to assess whether a claimant is disabled: Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two. Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate. Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four. Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five. Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled. Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).
[5] An RFC is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. §416.945(a)(1).
[6] "Light work" is defined as
> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

> can lift, carry, push, and pull twenty pounds occasionally and ten pounds frequently and sit, stand, and walk for six hours in an eight-hour workday; can frequently push, pull, handle, and finger with the bilateral upper extremities; has no limitation in crouching, balancing, stooping, kneeling and climbing stairs and ramps, but can only occasionally crawl and never climb ladders, ropes, and scaffolds; must avoid vibration, vibrating tools, and hazards; and can perform simple and routine tasks.

(AR 19).

At **step four**, the ALJ found that Plaintiff is unable to perform her past relevant work as a physical instructor. (AR 24). At **step five**, considering Plaintiff's age, education, work experience and RFC, the ALJ found that "there are jobs that exist in significant numbers in the national economy that the [Plaintiff] can perform." (AR 25). The ALJ accepted the vocational expert's testimony that Plaintiff would be able to perform the representative occupations of: packer (DOT 559.687-074); assembler (DOT 929.587-010); and cleaner (DOT 323.687-014). (AR 25). Accordingly, the ALJ determined that Plaintiff had not been under a disability, as defined in the Social Security Act, from July 17, 2013, through the date of his decision, May 24, 2018. (AR 26).

IV.  **ANALYSIS**

  A.  **Issue on Appeal**

Plaintiff raises one issue for review: whether the ALJ properly evaluated her testimony. [Dkt. No. 21 (Joint Submission), 4].

---

20 C.F.R. § 416.967(b); see also Rendon G. v. Berryhill, 2019 WL 2006688, at *3 n.6 (C.D. Cal. May 7, 2019).

### B. Standard of Review

A United States District Court may review the Commissioner's decision to deny benefits pursuant to 42 U.S.C. § 405(g). The District Court is not a trier of the facts but is confined to ascertaining by the record before it if the Commissioner's decision is based upon substantial evidence. Garrison v. Colvin, 759 F.3d 995, 1010 (9th Cir. 2014) (District Court's review is limited to only grounds relied upon by ALJ) (citing Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003)). A court must affirm an ALJ's findings of fact if they are supported by substantial evidence and if the proper legal standards were applied. Mayes v. Massanari, 276 F.3d 453, 458-59 (9th Cir. 2001). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotation marks omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008) (citing Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)); see Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). However, the Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ

on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (citation omitted).

Lastly, even if an ALJ errs, the decision will be affirmed where such error is harmless, that is, if it is "inconsequential to the ultimate nondisability determination," or if "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (citation omitted); Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012).

### C. **Whether the ALJ Properly Evaluated Plaintiff's Testimony**

Plaintiff asserts that the ALJ did not properly evaluate her testimony regarding her symptoms and limitations. Defendant, on the other hand, contends the ALJ properly evaluated Plaintiff's subjective statements, finding them inconsistent with the record.

#### 1. Legal Standard for Evaluating Claimant's Testimony

A claimant carries the burden of producing objective medical evidence of his or her impairments and showing that the impairments could reasonably be expected to produce some degree of the alleged symptoms. Benton ex rel. Benton v. Barnhart, 331 F.3d 1030, 1040 (9th Cir. 2003). Once the claimant meets that burden, medical findings are not required to support the alleged severity of pain. Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991) (en banc); see also Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997) ("claimant need not present clinical or diagnostic evidence to support the severity of his pain") (citation omitted)). Defendants does not contest, and thus appears to concede, that Plaintiff carried her burden of producing objective medical evidence of her impairments and showing that the impairments could reasonably be expected to produce some degree of the alleged symptoms.

Once a claimant has met the burden of producing objective medical evidence, an ALJ can reject the claimant's subjective complaint "only upon (1) finding evidence of malingering, or (2) expressing clear and convincing reasons for doing so." Benton, 331 F.3d at 1040. To discredit a claimant's symptom testimony when the claimant has provided objective medical evidence of the impairments which might reasonably produce the symptoms or pain alleged and there is no evidence of malingering, the ALJ "may reject the claimant's testimony about the severity of those symptoms only by providing specific, clear and convincing reasons for doing so." Brown-Hunter, 806 F.3d at 489 ("we require the ALJ to specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by evidence in the record, to support that credibility determination"); Laborin v. Berryhill, 867 F.3d 1151, 1155 (9th Cir. 2017).

The ALJ may consider at least the following factors when weighing the claimant's credibility: (1) his or her reputation for truthfulness; (2) inconsistencies either in the claimant's testimony or between the claimant's testimony and his or her conduct; (3) his or her daily activities; (4) his or her work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which she complains. Thomas v. Barnhart, 278 F.3d 948, 958-59 (9th Cir. 2002) (citing Light, 119 F.3d at 792). "If the ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." Id. at 959 (citing Morgan v. Apfel, 169 F.3d 595, 600 (9th Cir. 1999)).

2. <u>The ALJ provided Clear and Convincing Reasons Supported by Substantial Evidence</u>

Having carefully reviewed the record, the Court finds that the ALJ provided specific, clear and convincing reasons for discounting Plaintiff's subjective complaints.[7] The ALJ found that Plaintiff's subjective complaints were not entirely consistent with the medical evidence of record, Plaintiff's routine and/or conservative treatment, and the opinion evidence of record. (AR 23-24). Plaintiff, however, contends that the ALJ gave only one reason for rejecting her testimony, the nature of her treatment, which Plaintiff asserts the ALJ improperly assessed as routine and/or conservative. Plaintiff argues that the nature of her treatment does not constitute a clear and convincing reason to dismiss her testimony.

It is important to note, the ALJ did not "dismiss" Plaintiff's testimony concerning her pain, symptoms, and level of limitation. Rather, the ALJ stated that he had considered Plaintiff's testimony in limiting her work at the less than light exertional level, which was less than had been assessed by some of the State agency medical examiners. (AR 23-24). Accordingly, the ALJ reduced Plaintiff's RFC of light work to "lifting, sitting, standing, and walking for six hours in an eight-hour workday", "frequently pushing, pulling, handling and fingering with the bilateral upper extremities", "only occasionally crawl and never climb ladders, ropes, and scaffolds", "avoiding vibration, vibrating tools, and hazards", and "performing simple and routine tasks." (AR 19).

---

[7] The ALJ did not make a finding of malingering in his opinion. (AR 15-26).

The ALJ performed a thorough review of Plaintiff's medical record and found that it did not fully support Plaintiff's allegations of disabling conditions. (AR 19-23). The ALJ reviewed and cited to Plaintiff's medical records of lower back pain, carpal tunnel syndrome, an epidural steroid injection, carpal tunnel release surgery, medical branch block treatment, and depression. (Id.). The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms *are not entirely consistent with the medical evidence*." (AR 23) (emphasis added).

The ALJ properly considered how consistent Plaintiff's subjective symptom statements were with this objective medical evidence. 20 C.F.R. § 404.1529(c)(2). This could not be the ALJ's sole reason for rejecting Plaintiff's statements about her symptoms, but it was a factor that the ALJ was permitted to consider. Id.; see also Burch, 400 F.3d at 681 ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis."); Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (while a claimant's subjective statements about symptomology "cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor"). Thus, the lack of consistency between Plaintiff's medical records and her testimony was a proper basis for the ALJ's discounting Plaintiff's testimony.

Plaintiff contends that the ALJ improperly assessed her medical treatment as "essentially routine and/or conservative in nature." (AR 23). Plaintiff argues that her carpal tunnel surgery, epidural injection, as well as medical branch block injections are not conservative. Plaintiff is correct that her carpal tunnel surgery does not qualify as

conservative. See Lapeirre-Gutt v. Astrue, 382 Fed.Appx. 662, 664 (9th Cir. 2010) (surgery is not a conservative treatment). It is uncertain, however, whether the epidural steroid injections are for certain conservative or not in nature. See Garrison v. Colvin, 759 F.3d 995, 1015 n.20 (9th Cir. 2014) (expressing "doubt that epidural steroid shots to the neck and lower back qualify as 'conservative' medical treatment"); Jones v. Comm'r of Soc. Sec., 2014 WL 228590, *7-10 (E.D. Cal. Jan. 21, 2014) (ALJ properly found Plaintiff's treatment conservative, which included physical therapy, both anti-inflammatory and narcotic medications, use of a TENS unit, occasional epidural steroid injections, and massage therapy, diminished her credibility).

The ALJ, however, went on to note:

> There was no significant worsening of her physical or mental impairments seen throughout the medical evidence of records. Other than one carpal tunnel release surgery, the claimant did not undergo any surgical procedures for her cervical or lumbar spine nor was she psychiatrically hospitalized. Overall, the claimant's physical and mental impairments were well maintained with medication and follow-up visits. The undersigned acknowledges that the claimant has a reduced residual functional capacity but not to the extent that it would preclude all work.

(AR 23).

Thus, the ALJ found that the Plaintiff's conditions were "well-maintained with medication and follow-up visits" as the ALJ's review of the medical records indicated that Plaintiff had responded positively to her treatment. Importantly, the ALJ noted that surgery had not been undertaken for Plaintiff's cervical or lumbar spine (her main complaint at the hearing). See Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (finding that an ALJ can rely on a physician's failure " to prescribe… any serious medical treatment for [a claimant's] supposedly excruciating pain").

It was proper for the ALJ to have considered Plaintiff's treatment history in analyzing her asserted symptoms. 20 C.F.R. § 404.1529(c)(3)(iv),(v),(vi) (factors relevant to a claimant's symptoms, such as pain, which the Commissioner will consider include medication taken to alleviate symptoms; treatment received for pain; and measures used to relieve pain); see also Burch, 400 F.3d at 681 (holding that "ALJ is permitted to consider lack of treatment in his credibility determination"); Moncada, 60 F.3d at 524 (claimant's allegations of disabling pain can be discredited by evidence of infrequent medical treatment or by the minimal use of pain medication). Moreover, it was indeed proper for the ALJ to have considered Plaintiff's improvement with treatment as a basis for discounting Plaintiff's testimony. See Warre v. Comm'r, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits.").

The ALJ also properly considered that the medical opinion evidence, finding Plaintiff capable of performing light work, also contradicted Plaintiff's symptom testimony. (AR 23). See Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1175 (9th Cir. 2008) (finding that the medical evidence, including the opinions of two physicians that a claimant could work, supported the ALJ's credibility determination); Moncada, 60 F.3d at 524 (an ALJ may consider physician opinions that claimant could work, which contradict claimant's assertion to the contrary). Plaintiff's only contention here is that the ALJ did not in fact rely on this reason in discounting her testimony. The Court's review of the ALJ's decision finds to the contrary. See AR 23-24.

Based on these clear, convincing and specific reasons for partially rejecting Plaintiff's pain and limitations testimony and the substantial evidence to support his

determination, the Court concludes that the ALJ did not commit error in discounting Plaintiff's testimony.

### V. CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED, and the action is DISMISSED with prejudice.  Judgment shall be entered accordingly.

DATE: February 25, 2021

                                          /s/ Autumn D. Spaeth
                              THE HONORABLE AUTUMN D. SPAETH
                              United States Magistrate Judge